IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01008-GPG

RAYMOND LARA,

    Plaintiff,

v.

JOHN CHAPDELAINE, SCF Warden,
CYNTHIA H. COFFMAN, The Attorney General of the State of Colorado,

    Defendants.

ORDER DISMISSING CASE

    Plaintiff, Raymond Lara, is incarcerated in Sterling, Colorado. He initiated this action by filing, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on May 11, 2015. (ECF No. 1). His Application did not assert any claims, but he did include a request for relief that his convictions be reversed and the case be remanded for a new trial. (ECF No. 1 at 5 and 9).

    On the same day he filed his habeas application, Mr. Lara also filed a Motion to Dismiss without Prejudice. (ECF No. 4). In the Motion to Dismiss, Mr. Lara asserts that his Application should be dismissed so that he can exhaust available state court post-conviction remedies. (*Id.*)

    Fed. R. Civ. P. 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." No answer or motion for summary judgment has been filed by Defendants in this action. Further, a voluntary dismissal

under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The motion, therefore, closes the file as of May 11, 2015. *See Hyde Constr. Co.*, 388 F.2d at 507.

It is unclear why Mr. Lara would file a § 2254 Habeas Application and a Motion to Dismiss on the same day. Perhaps he mistakenly believes that filing the federal habeas application somehow tolls the AEDPA one-year time limitation under 28 U.S.C.§ 2244(d). However, the Court would like to remind Mr. Lara that a federal habeas application is not a state court post-conviction motion under 2244(d)(2) and, therefore, does not toll the AEDPA limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82, 150 L. Ed. 2d 251, 121 S. Ct. 2120 (2001) ("[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)," and that therefore the section does "not toll the limitations period during the pendency of [a petitioner's] first federal habeas petition.").

Accordingly, it is

ORDERED that the action is dismissed pursuant to Fed. R. Civ. P. 41(a)(1). It is

FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of May 11, 2015; it is further

ORDERED that Mr. Lara's pending "Inmate Motion Requesting to File Without Prepayment of Filing/Service Fees" (ECF No. 3) is DENIED as MOOT.

DATED at Denver, Colorado, this  19th  day of    May    , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court